Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Robert A. Cherry (SBN 315927)
rcherry@donigerlawfirm.com
DONIGER / BURROUGHS APC
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ty Milford, Inc., an Oregon corporation;<br><br>Plaintiff,<br><br>v.<br><br>Elite Promo Inc., a California corporation; and DOES 1-10,<br><br>Defendants. | Case No. 3:24-cv-04284<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Ty Milford, Inc. ("Ty Milford") hereby prays to this Court for relief based on the following:

### JURISDICTION AND VENUE

1.    This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2.    This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.     Ty Milford is an Oregon corporation.

5.     Upon information and belief, Defendant Elite Promo Inc. ("Elite Promo") is a California corporation with its principal place of business located at 411 Borel Avenue, Suite 350, San Mateo, California 94402.

6.     Elite Promo owns, operates, and/or controls the commercial website https://www.shopelitepromo.com and its related/affiliated subdomains, mobile websites, and applications (collectively, "Defendant's Website").

7.     Upon information and belief, Defendants DOES 1-10 ("DOE Defendants") (collectively with Elite Promo, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8.     Upon information and belief, Plaintiff alleges that each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

///

///

## DEFENDANTS' INFRINGEMENT OF TY MILFORD'S
## COPYRIGHTS IN THE SUBJECT PHOTOGRAPHS

9.    Ty Milford is a professional photography and videography company known for its "real-feeling-moment" style of capture which has been used in campaigns for major brands including Toyota, Apple, Budweiser, Starbucks, Coca-Cola, and Nike. By creating homogenous and stylized collections of product photos, Ty Milford creates immense value for itself and its clients. Maintaining exclusivity of use of these high-quality proprietary photos for only Ty Milford and its authorized licensees is crucial to Ty Milford's business.

10.    Ty Milford took and owns 32 original photographs registered with the U.S. Copyright Office (collectively, the "Subject Photographs") that resulted from numerous photo shoots around the world. Copies of the Subject Photographs, along with their titles and registration numbers, are set forth in **Exhibit 1**.

11.    Defendants copied, stored, distributed, displayed, and/or otherwise exploited the Subject Photographs on Defendant's Website without Ty Milford's permission (the "Accused Posts"). Copies of screen captures of the Accused Posts are set forth in **Exhibit 2**.

12.    Defendants had access to the Subject Photographs, including through Hydro Flask, Plaintiff's website, social media accounts, or viewing the Subject Photographs on third-party websites or Internet search engines.

13.    Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

14.    Due to Defendants' acts of copyright infringement, Defendants have obtained profits they would not have realized but for their infringement of Plaintiff's copyrights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to the infringement of Plaintiff's copyrights in the Subject Photographs, in an amount to be established at trial.

15.    Upon information and belief, Plaintiff alleges that Defendants committed copyright infringement with actual or constructive knowledge of, or in reckless disregard or willful blindness for, Plaintiff's copyrights in the Subject Photographs, such that said acts of copyright infringement were willful.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a.    That Defendants, each of them, their respective agents, and anyone working in concert with Defendants and/or their agents, be enjoined from using the Subject Photographs in a manner that infringes Plaintiff's copyrights in the same;

b.    That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, attributable to Defendants' infringement of Plaintiff's copyrights in the Subject Photographs, the exact sum to be proven at trial; or alternatively, if elected, statutory damages under 17 U.S.C. § 504;

c.    That Plaintiff be awarded its costs and fees under 17 U.S.C. § 505;

d.    That Plaintiff be awarded pre-judgment interest as allowed; and

e.    That Plaintiff be awarded such further relief as this Court finds proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: July 17, 2024

DONIGER / BURROUGHS

By:    */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
Robert A. Cherry, Esq.
*Attorneys for Plaintiff*